# Timothy Fanning, plaintiff in error, *vs.* Thomas M'Craney, defendant in error.

## *Error to Dubuque.*

As a general rule, questions in regard to new trials are submitted to the sound discretion of the District Court, and a case of manifest error must be made out to induce the interference of the Supreme Court.

It is a general rule, that where newly discovered evidence is expected to be proved by a witness who was called and examined, no new trial will be granted, it being the duty of the counsel to ascertain the extent of the witness' knowledge when he is on the stand.

The excepting party must make out an affirmative case of error, and such as works substantial injustice.

This was an action of assumpsit brought by Thomas M'Craney against Timothy Fanning. At November term, 1842, a verdict and judgment was rendered for the plaintiff for $328,07.

After the trial, the defendant asked for a new trial upon the ground of newly discovered evidence. The affidavit itself shows a prima facia grounds for the grant, but the witness by whom the defendant could establish the new evidence, had been called upon the trial, as a witness for the *plaintiff*, and the defendant had objected to his being sworn, on the ground that he was interested in the suit.

The affidavit of Fanning stated that after the trial, he had discovered new evidence highly important and material to his defence, as he verily believed, and as informed by counsel, and that he had no means of knowing before the trial that he could prove the facts which he had discovered after the trial ; that he could prove by Frances Gehon, that said newly discovered evidence came out on the trial on an indictment against the affiant, where said Gehon was a witness for the prosecution ; that he was unable to procure the affidavit of said Gehon, to be used on a motion for a new trial, because said Gehon and himself were unfriendly, and that said Gehon was one of his most bitter enemies and had done all he could to defeat him in this action, and was instrumental in getting up an indictment for purjury against him, which grew out of the subject matter of this suit. Affiant further stated that the testimony he had discovered, and which he believed to be material, would go to establish a fact or point in his defence, upon which no evidence was given on the

trial, and which was of a different kind and character from that adduced on the trial, viz: that the action was for the use and occupation of Jordan's ferry, on the Illinois side of the Mississippi river. That the evidence offered on the trial to hold him liable for $700, for the use and occupation of the ferry and appurtenances, was of a circumstantial and inferrential character, and was not positive. That the evidence of Gehon, which he had discovered after the trial, was in substance that he, Fanning agreed to pay the debt of a third person, viz: that he should pay the debt of Thomas M'Craney to George W. Jones, or should save M'Craney harmless from the claim of Jones, for the use of the ferry, which M'Craney had taken from Jones on a lease, and that no promise was made on the part of Fanning to pay any thing directly to M'Craney for the ferry. In a word, he could prove by Gehon that he, Fanning, had made a special contract by which he promised to pay the debt or answer for the default or miscarriage of a third person, and that this contract was contrary to the statute of frauds, upon which M'Craney sought to recover, &c., &c.

Upon this state of facts, the court below refused a new trial, and the defendant, Fanning, brought the case up to this court upon a writ of error.

BERRY & ROGERS, for plaintiff in error.

DAVIS & CRAWFORD, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The only error assigned in this case is that the court below refused to grant a new trial upon the affidavit filed in the case. As a general rule, questions in regard to new trials are submitted to the sound discretion of the District Court, and a case of manifest error must be made out to induce the interference of this court. This rule is just and proper, for many of the circumstances which operate upon the court below to cause the granting or denying of a new trial, are incapable of being presented to us.

The basis of the motion for a new trial, as set forth in the affidavit, is that new evidence has been discovered. But the bill of exceptions shows that the witness by whom the new facts were expected to be proved, was called as a witness below, and on motion of Fanning's counsel, was rejected as interested. It is a general rule that where the newly discovered evidence is expected to be proved by a witness who was called and examined, no new trial will be granted, it being the duty of the counsel to ascertain the extent of the knowledge of the witness

when he is on the stand.  There appears to be no great difference between that case and the present.

But the newly discovered evidence itself, is not sufficient to justify this court in granting a new trial.   The object of the counsel for the plaintiff in error, was to show that the case was within the statute of frauds. The expected testimony if proved, would be very far from showing sufficient for this purpose.

In the first place, it would not negative the fact that such agreement or some note or memorandum thereof was in writing, and signed by the party sought to be charged, or his lawfully authorized agent, and as it is the business of the excepting party to make out affirmatively a case of error, the defect just stated would seem decisive.   But even if the promise had been verbal, the case would not have been within the statute. Had suit been brought by Jones, the defence would be valid.   The statute contemplates such a case.   But M'Craney sues on a verbal contract by which Fanning promised to pay to Jones a certain sum of money.   If such promise was based upon a sufficient consideration, although not in writing, we think an action would lie by M'Craney for a breach thereof.   And although the plaintiff has not declared on such a contract, yet in order to obtain a new trial the party should show a reasonable probability that substantial injustice has been done; not merely that he can prove a technical objection to a recovery.

But although the statute of frauds would have protected the defendant below, for ought that appears, the use and occupation of the ferry was the very consideration of the promise by Fanning to pay M'Craney's debt to Jones.   Could he retain the consideration and still sefuse to perform the contract ?   The law does not sanction such injustice, much less become an accomplice in its perpetration.   The action for use and occupation would in that case have been properly brought.

The judgment below will therefore be affirmed.