## Toledo, Wabash & Western Railway Company

*v.*

## Simon Seitz.

New trials—*newly discovered evidence.* A new trial will not be granted upon the ground of newly discovered evidence, where such evidence is merely cumulative, and not conclusive.

Writ of Error to the Circuit Court of Macon county; the Hon. Arthur J. Gallagher, Judge, presiding.

This was an action on the case, brought by Simon Seitz, against the Toledo, Wabash & Western Railway Company, under the statute, for neglect of the defendants to fence their track, whereby, it was alleged, injury resulted to a mule, the property of the plaintiff, and claiming damages. On the trial, the issues were found for the plaintiff, and his damages assessed at $100. Whereupon, defendants entered a motion for a new trial, which was overruled and judgment entered for the plaintiff; to reverse which judgment, defendants bring the record to this court, and assign for error the overruling of defendants'

motion for a new trial.   On the trial below, plaintiff introduced evidence showing the mule, before the injury, was worth $100, and that since the injury he was entirely worthless.   The only evidence offered by defendants was that of one witness, who testified that the mule, before the injury, was not worth more than $75.   The motion for a new trial was based upon the ground of newly discovered evidence, and was supported by the affidavit of W. E. Nelson, one of the defendants' attorneys, from which affidavit it appears, that, after the trial of said cause, affiant and his partner, K. H. Roby, learned the fact that, since the injury to the mule, plaintiff, Seitz, traded the mule in question and another mule, to one Jo. G. White, for a horse and $50 in money, as appeared by the affidavit of one Wm. E. Wheeler, filed with affidavit of affiant, Nelson.   And that said Seitz traded said injured mule as a sound mule, and that said mule appeared and still continued to appear to be a sound mule, as seen by affidavit of Jo. G. White, filed with said affidavit of Nelson.

That these facts, shown in accompanying affidavits of Wheeler and White, were unknown to affiant, Nelson, and his partner, Roby, until after the trial.   That the discovery of this evidence was accidentally made by affiant and his said partner since said trial, and that there was no means of discovering the same otherwise, or at an earlier period, within the power of affiant, or his said partner, known to affiant.

That Wm. B. Corneau was the agent of defendants, charged, among other things, with the duty of looking after matters of litigation, and that said Corneau had no knowledge of the existence of said facts stated in said accompanying affidavits, until since said trial ; and that affiant knew of no other agent of said defendants in any way charged with any duty in reference to matters of litigation, wherein defendants were concerned, who had any previous knowledge of said facts.

That affiant verily believed· it true that said mule was of some value subsequent to its injury, and that Seitz had realized some value for it in the trade with White.

454          T., W. & W. R. R. Co. *v.* Seitz.          [Jan. T.,

Statement of the case.   Opinion of the Court.

That Wheeler and White were both resident citizens of Macon county, and that defendants below could procure their testimony at the next term of the court.

Said motion was also supported by the affidavit of the witness, Wm. E. Wheeler, filed with said affidavit of Nelson, from which affidavit of Wheeler it appears that Seitz traded the injured mule, after the injury, to White, with another mule, and that he received in exchange for the two, a horse and $50 in money, as said Seitz informed witness.

Said motion was likewise supported by the affidavit of said White, from which it appeared that White traded with Seitz for two young mules, in December, 1868 ; that they were the only mules he had ever traded for with Seitz ; that there was nothing apparent the matter with either of said mules then or since.

Messrs. Nelson & Roby, for the plaintiffs in error.

Mr. H. Crea, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

We are of opinion the circuit court made a proper disposition of the motion for a new trial on the ground of newly discovered evidence. The affidavits of the witnesses, Wheeler and White, do not amount to much. Admit that Wheeler would testify that Seitz had traded the injured mule to White, and had received for him and another mule, a horse and $50. That testimony does not tend to prove that the mule was not injured to the extent of $100. Nor does the testimony of White make such a case for the defendants as would compel a jury to find for them.

Seitz was examined as a witness on the trial, and defendants' counsel did not cross-examine him. The slightest cross-examination would have brought out all the facts. It is too late, under the circumstances, to ask or expect a new trial.

Taking all the evidence in the record, together with Wheeler's and White's added, the weight of evidence is still in favor of the verdict. The evidence of the latter would be merely cumulative, not conclusive. The judgment must be affirmed.

*Judgment affirmed.*