## JOHN WOOD *et al.*

*v.*

## WILLIAM ECHTERNACH.

NEW TRIAL—*newly discovered evidence.* It is only where the party has used due diligence to procure evidence, and is unable to obtain it, and it is of such a character that the court can see it should change the result, that a new trial will be granted to let in subsequently discovered evidence.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. HENRY & JOHNSON, for the appellants.

Messrs. DINSMOOR & STAGER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought by appellee before a justice of the peace, against appellants, to recover a balance claimed to be due on a contract to set and cultivate a hedge. On the trial before the justice, plaintiff below recovered a judgment against defendants for $91.50, whereupon an appeal was prosecuted to the circuit court, where another trial was had, resulting in a verdict in favor of the plaintiff for $88.50. Thereupon defendants entered a motion for a new trial, which was overruled by the court, and judgment was rendered on the verdict, to reverse which this appeal is prosecuted.

A reversal is urged upon two grounds, first, that the evidence fails to sustain the verdict of the jury; and, secondly, because the court overruled the motion for a new trial on the ground of newly discovered evidence. There seems to be no dispute as to the amount of the hedge which was set, and both parties agree that the work was performed under a contract. The whole dispute is as to the terms of the agreement. And on that question the evidence is inharmonious, if not wholly irreconcilable. In this conflict it is the province of a jury to determine to which witnesses they will give credit, and the testimony of which they will reject. The witnesses were before the jury, and their means of ascertaining the truth was superior to ours, where we only see the evidence on paper. In this case two juries seem to have given credit to the witnesses of appellee. And in addition thereto, the judge who tried the case and saw all of the witnesses on the stand, has given his approval of the verdict by overruling the motion for a new trial. Had he believed the testimony of appellants' witnesses entitled to more weight than that of appellee's witnesses, he would not have hesitated to grant a new trial. We are not able to say that the evidence fails to sustain the verdict, and can not reverse on this assignment of error.

Was the newly discovered evidence of that character which required the court to set aside the verdict and grant a new

trial? We fail to see that appellants could have been surprised by the evidence on the trial. It was a second trial, and we presume the same witnesses testified at both. But even if appellee testified for the first time in the circuit court as to the survey of the land, that was only a collateral circumstance in nowise vital to the issue. There is no pretence that the hedge was not planted on the proper line. And the liability of appellants was the same whether the line was or was not run by the surveyor. All the evidence of the surveyor would tend to prove would be that appellee's statement was incorrect as to the survey. It would not contradict him as to the terms of the contract.

The evidence of Clites if admitted would only be cumulative to evidence introduced by appellants on the trial. It would tend slightly to support the testimony of appellants. Such evidence is not usually sufficient to require a new trial, unless it is so clear as to satisfy the court that it would control the verdict on another trial. *Smith* v. *Shultz,* 1 Scam. 490; *Morrison* v. *Stewart,* 24 Ill. 25; *Martin* v. *Ehrenfels,* ib. 189; *Adams* v. *The People,* 47 Ill. 376; *The Toledo & Western R. R. Co.* v. *Seitz,* 53 Ill. 452. Again, there is nothing to show that the evidence of Clites and Woodworth could not have been had without any inconvenience or delay. *Chicago & Great East. R. W. Co.* v. *Vosburgh,* 45 Ill. 311; *Calhoun* v. *O'Neal,* 43 Ill. 354. For aught that appears the evidence of these witnesses might have been readily obtained whilst the trial was progressing. It is only where the party has used due diligence to procure evidence, and is unable to obtain it, and it is of such a character that the court sees that it should change the result, that a new trial will be granted to let in subsequently discovered evidence. A different rule would protract litigation indefinitely in many cases, without changing results.

We see no error in the instructions given to the jury. And perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*