# WILLIAM B. FONVILLE

*v.*

# BENJAMIN F. SAUSSER *et al.*

1. BILL OF EXCEPTIONS—*when necessary.* Motions to strike affidavit of claim from the files, or to strike plea from files for want of affidavit of merits, are not a part of the record, and the rulings of the court thereon will not be reviewed in the Supreme Court, unless exceptions are taken to such rulings and preserved by bill of exceptions.

2. ERROR—*who may assign.* An appellant can not assign error on behalf of one with whom he was impleaded in the court below, but who has not appealed, so as to reverse a judgment which is regular as to such appellant.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. S. R. MOORE, for the appellants.

Mr. HAMILTON K. WHEELER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

With the declaration in this case appellees filed what purports to be an affidavit of claim, under the provisions of the statute. Appellant moved to strike the same from the files, which motion was, by the court, overruled. Appellant having filed his plea but no affidavit of merits, it was, on motion, stricken from the files for the want of such affidavit. These rulings of the court are assigned for error.

It is a sufficient answer to say, no exceptions to the decisions of the court on the several motions have been preserved by any bill of exceptions, as required by the practice in this court, and the same are not before us for consideration. This court has frequently ruled, that motions of this character do not become a part of the record, unless made so by means of a bill of exceptions. *Snell* v. *M. E. Church*, 58 Ill. 290.

There was no service of process on Dunham, and his plea having been stricken from the record, the point is made, it was error to render judgment against him. The objection is not founded in fact. As we understand the record, the judgment is alone against appellant. The cause is entitled, against Fonville impleaded with Dunham, and the judgment is rendered against the defendant.

But if the judgment had been improperly rendered against Dunham, he has not joined in the appeal and has assigned no errors in this court. Appellant can not assign error on his behalf, when he does not join in the appeal so as to reverse a judgment regular as to himself. *Van Pelt* v. *Dunford et al.* 58 Ill. 145.

There was no error in the court assessing damages after default, without the intervention of a jury. Neither party called for a jury, and in such cases the statute authorizes the court to make the assessment. Gross' Stat. p. 512, sec. 23.

No error appears in the record for which the judgment can be reversed, and it must therefore be affirmed.

*Judgment affirmed.*