Booth v. Tabbernor.

HENRY BOOTH

v.

THOMAS TABBERNOR.

*Administration—Discovery of Assets—Witness—Competency—New Trial—Newly Discovered Evidence.*

1.   Upon application to the County Court to require an executor to disclose assets, it is *held:*  That the executor was not a competent witness to facts occurring before the death of the deceased; that the question whether the deceased gave part of his personal property to the wife of the executor was not submitted; that the question whether the executor was a competent witness as to the contents of a certain pocket-book can not be raised by him as he was allowed so to testify; that it was not necessary for the party making the application to prove the identical money claimed; and that the motion for a new trial on the ground of newly discovered evidence was not properly supported by affidavit accounting for the failure to produce such evidence.

2.   The appellant can not complain of a refusal to permit him to testify upon an issue not presented.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding.

On October 21, 1884, Thomas Turner died in De Kalb County, at the residence of the appellant.   He had made a will in May, 1884, by which he had, after making several specific legacies, made the appellee and his brother, James Tabbernor, residuary legatees.   His property consisted, as shown by the inventory, of real estate of the value of $1,000 and personal property consisting almost entirely of promissory notes of the value of about $2,500.   His will was duly probated.   On the 21st day of March, 1885, appellee filed a complaint in the De Kalb County Court in probate, in which complaint he states that he is devisee under the last will and testament of said Thomas Turner, deceased, and as such interested in said estate; and that he believes that Henry Booth (the appellant) has in

his possession goods, chattels, moneys and effects belonging to said deceased person, and that the said Henry Booth is one of the executors of said estate, and that he has not included said goods, chattels, moneys and effects in his inventory filed in this court. The said goods, chattels, moneys and effects, as he believes, consist of a pocket-book and about $250 in money, also certain articles of wearing apparel and bed and table furnishings, including a dozen silver teaspoons and a pair of sugar-tongs, silver, also a silver watch. He states that Henry Booth denies the possession of the said $250 and states that the other articles mentioned as not inventoried, were given him by the deceased, which he says he is informed and believes is not true. He prays for a citation to issue against Henry Booth and an investigation of said matters had according to law. Citation was issued. Trial in County Court and finding by the court and order that Henry Booth inventory the sum of $250 in addition to the amount theretofore inventoried within twenty days, and that he pay the costs of said proceeding. Appeal taken to the Circuit Court. Tried in Circuit Court by a jury and verdict finding that Henry Booth should report the sum of $200 in his hands, and inventory the same as part of the estate of Thomas Turner, deceased. Motion for new trial. Motion overruled. Judgment on verdict, from which this appeal is taken. Various errors are assigned as to the admission and exclusion of evidence, and as to the giving and refusing of instructions.

Messrs. HARVEY A. JONES and CHARLES A. BISHOP, for appellant.

Messrs. D. J. CARNES and G. H. DENTON, for appellee.

WELCH, J. The three chief points made and insisted on by the appellant, for the reversal of this judgment, are: 1st. That Booth was a competent witness to facts occurring before the death of Thomas Turner, deceased. 2d. That he was a competent witness to testify that a part of the personal property in question was given to his wife prior to the death of

Turner; and that the silver watch in question was given to his son by Turner.  3d.  That Booth was a competent witness to testify to the amount of money there was in the pocketbook in question immediately after the death of Turner.  We shall notice the points made in the order stated.  Was Booth a competent witness to facts occurring before the death of Turner ?  Sec. 2, Chap. 13, Underwood's edition of statutes, title, Evidence and Depositions: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or on his own behalf, by virtue of the foregoing section, when any adverse party sues or defends  *  *  * as legatee or devisee, unless when called as a witness by such party so suing or defending."  It is insisted by appellant, that this section has no application to the proceedings in this case.  This is not an open question in this State.  In Wade v. Pritchard, 69 Ill. 279, Justice Walker says: "The 90th section of the Statute of Wills authorizes this proceeding, and it was instituted under that enactment.  *  *  *  The purpose of the enactment was to enable executors and administrators and parties having an interest in the estate to discover assets, and it was designed to afford a more speedy and less expensive mode than by detinue, trover or replevin.  The remedy was cumulative to those, and the only change it, intended to introduce from an ordinary trial involving the ownership of property, was to enable the court to compel the person charged with having the property to discover, on oath, whether he had property in his possession.  The requirement that the party shall be examined is not peremptory, but leaves it discretionary with the court.  The act says he *may* be examined on oath, not that he *shall* be ; from this language it may be reasonably inferred that it was the intention to permit each party to introduce evidence, and if the County Court believed that it would be proper to examine the party, then it could be done."  The proceedings in this case were instituted under a similar provision as that contained in section 90, *supra.*  Under the authority, *supra,* we hold that Booth was not a competent witness to facts occurring before the death of Thomas Turner, deceased.

2d. Was he a competent witness to testify that a part of the personal property was given to his wife prior to the death of Turner, and the watch given to his son? The only question submitted to the jury, under the instructions of the court, was as to whether or not any sum of money belonging to the deceased, Thomas Turner, in his lifetime, did, during his last illness, or after his death, go into the hands and possession of the appellant, which he has failed and refused to inventory. There was no issue presented, or finding by the jury, that involved the question as to anything except money. No injury resulted to the appellant from the refusal of the court to allow him to testify as to whether or not Turner gave to his wife certain articles of wearing apparel, a bed and table, silver teaspoons, a silver spoon or sugar-tongs, or as to whether or not Thomas Turner before his death gave a watch to his son; no issue was presented involving these articles, no recovery was had for them.

3d. Was Booth a competent witness to testify as to the amount of money there was in the pocket-book immediately after the death of Turner? Upon an examination of the record we find that he was allowed, and did without objection. In answer to the question, "At what time did you tell Judge Lowell about the pocket-book?" Answer. "He asked me what money he had left, and I told him what money he had left me; he said that did not look just right, that I had better give an account of the money and * * * so I gave him what money there was; * * * that is the reason why I inventoried it." The amount inventoried is $50. He also states that he told Holmes that the $50 was all he got of the money; * * * that that was what there was. As to whether he had the right to testify as to the amount of money that was in the pocket-book or not, in the light of this testimony, we hold the question can not be raised, as we hold that he was allowed and did testify on that subject. We find no error to the prejudice of appellant, in the admission or rejection of evidence in this case.

It is further insisted by appellant that the court erred in

refusing his instructions that proof must be made of the same identical money, and we are referred to the case of Williams v. Conley, 20 Ill. 643. We find, upon a comparison of the statute under which that decision was made, with the statute as it now exists, that there is this provision in our present statute, that was not in the statute under which the decision in 20 Ill. *supra*, was made : " Or in case the same has been converted the proceeds or value thereof," no longer making it necessary to prove the same identical money or even to recover the identical article of property embezzled or secreted.

It is also insisted by appellant that the affidavit of Upstone was of itself sufficient to grant the motion for a new trial, a sufficient answer to this claim. Appellant filed no affidavit showing due diligence to procure and an inability to obtain the evidence of Upstone. Wood v. Echternach, 65 Ill. 149 ; Calhoun v. O'Neal, 53 Ill. 354. We do not deem it necessary to review the evidence in detail ; it is sufficient for us to say that on a careful examination of the evidence in this case, we are satisfied with the verdict of the jury. It is fully supported by the weight of the testimony.

Finding no error in the rulings of the court prejudicial to the appellant, the judgment is affirmed.

