# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1900.

### Estate of Philip Kraher, Deceased, v. William P. Launtz.

1. STATUTES — *Construction of Sec. 81, Chap. 3, R. S., Entitled "Administration of Estates"—Competency of Witnesses.*—In a proceeding under section 81, chapter 3, R. S., entitled "Administration of Estates," the court has the right to allow a party charged with withholding the assets of an estate to be examined under oath, and to believe and act upon his uncontradicted statements, and, may permit him to testify to facts occurring prior to death of the deceased.

**Proceedings** under section 81, chapter 3, R. S., entitled "Administration of Estates," for the recovery of assets. Error to the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER. Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed March 16, 1900. Rehearing denied at the August term, 1900.

C. E. POPE and KRAMER, CREIGHTON & SHAEFFER, attorneys for plaintiff in error.

DILL & WILDERMAN, attorneys for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court. This was a proceeding under section 81 of the Revised Statutes, entitled "Administration of Estates," instituted by plaintiff in error against defendant in error, in the

County Court of St. Clair County, and appealed from the judgment of that court to the Circuit Court, where trial *de novo* was had, resulting in a judgment in favor of defendant in error and against plaintiff in error.

For a number of years before his death, deceased was tenant to defendant in error of a store-room, in which deceased conducted a small furniture store. The agreed rental was $30 per month. Deceased had long been in arrears in the payment of rent, and some time prior to his death the rent amounted to $300. Deceased was ill for some weeks before he died. Soon after deceased became ill, he requested defendant in error to take the stock and sell it out for rent, and defendant agreed to do so if deceased did not get better in a few days. Deceased continually grew worse, and about a week before his death, defendant, in pursuance of this arrangement, took possession of the store and stock, getting the keys from deceased's daughter, who had been in charge of the stock and business since her father's illness began.

Deceased's death occurred November 5, 1898, and on the 13th day of November, 1898, the administrator of his estate, having made proper demand, filed in the County Court an affidavit, alleging that defendant in error had in his possession goods and chattels belonging to the estate of deceased, which he refused to turn over to such administrator, whereupon defendant was duly cited to appear and answer. A hearing was promptly had in the County Court, judgment rendered, and the case appealed to the Circuit Court.

During all the time defendant in error had been in possession of the store, he had been selling from it.

On the 29th day of November, 1898, after the cause had been tried in the County Court, and while it was still pending and undetermined in the Circuit Court, the administrator commenced a replevin suit before a justice of the peace, against defendant in error, in which he replevied that portion of the stock not up to that time disposed of by defendant. At that time about $120 worth had been disposed of,

and it is alleged in the affidavit for replevin that the value of the part replevied was $150.

The replevin suit was tried by jury, resulting in a verdict that defendant in error was the owner and entitled to possession of the property. Judgment was rendered on the verdict and the property returned to defendant. This case was not appealed. After this trial, and before the appeal to the Circuit Court was tried, defendant in error disposed of the remainder of the stock, realizing something less than $300 from the whole stock. The amount of rent due at the time he took the stock was $300.

The attorneys for plaintiff in error, in their statement of the case say:

"The defendant in error interposed two defenses in the trial of this cause in the Circuit Court:

"1st. That he was the owner of the goods mentioned in the affidavit, and that they were not assets of the estate of Philip Kraher, deceased.

"2d. *Res judicata;* he claimed that the replevin suit tried before the justice of the peace was an adjudication of the matters involved in this suit.

"If he maintained either of these defenses, then the trial court committed no error in rendering judgment in his favor."

It is not disputed that deceased owed defendant in error rent to the amount of $300, and while there is much conflict of opinion about the value of the stock which came into defendant's possession, it is not claimed that he actually realized more than $300 for it, nor is any waste or mismanagement of the stock charged or attempted to be proved.

The defendant in error, by permission of the court, was examined under oath, and testified among other things, as follows :

"After Mr. Kraher was taken sick I went over to his house; Mr. Kraher said he owed me money on my rent; the amount was about $300; he said : ' The stock that I have is shopworn; there is not much there, and you take that stock and sell it out for your rent.' I said that I would wait a few days; that he might sell out of the stock, and if he didn't get better I would take it, and I did; the day I concluded to take the store I told his daughter, who

was in charge, that as her father and mother had wanted me to take charge of the place I would do it; she said she was glad, and turned the keys over to me; I took possession at his request, and when he was just as rational as he ever was in his life; after that he had another stroke of paralysis; and then, as Dr. Doyle says, he was beside himself for a little while. * * * I had sold about $120 before the replevin suit. * * * The value of the goods replevied was about $150. * * * The total value of all the goods turned over to me was $300. I realized a trifle less than $300 for the goods."

The statute provides:

"The court shall require such person to appear before it by citation, and may examine him under oath."

The testimony of defendant in error as to the arrangement made with deceased concerning the stock of goods is wholly uncontradicted. The court had the right to allow him to be examined under oath, and had the right to believe and act on his uncontradicted statements, and to give due weight to all his testimony.

Plaintiff in error contends that the court erred in allowing defendant in error to testify to facts occurring prior to the death of deceased, and cite Booth v. Tabbenor, 23 Ill. App. 173, and Wade v. Pritchard, 69 Ill. 279. We think these cases do not support plaintiff's position, but are both in harmony with the interpretation given to the statute by the learned judge before whom the case was tried in the Circuit Court. In Booth v. Tabbenor the court holds that, from the language of the statute, "it may be reasonably inferred that it was the intention to permit each party to introduce evidence, and if the court believed it would be proper to examine the party, then it could be done."

"The requirement that the party may be examined is not peremptory, but leaves it discretionary with the court."

To the same effect is Wade v. Pritchard. The language of the court in Booth's case is quoted from the opinion in Wade's case.

Upon the trial two witnesses were permitted, over the objections of plaintiff in error, to testify to statements made

by deceased's daughter after she had delivered the keys and possession of the stock to defendant in error. This evidence was improperly admitted, but as the material part of the daughter's statement, as testified to, referred only to the fact that defendant in error had taken possession of the store and stock before her father's death, and as that fact was fully otherwise proved, and neither disputed nor contested, we do not regard the error of sufficient importance to warrant a reversal of the case.

It is suggested by plaintiff in error that at the time defendant in error claims to have made the agreement with deceased, that deceased was in such mental condition that he was wholly unable to transact business. The only testimony on this question is that of the administrator, who was deceased's physician, and of defendant in error, and from it we do not feel warranted in holding that at the time the agreement was made deceased was incapable.

We hold that the record in this case abundantly supports the judgment of the Circuit Court, and that the case ought to be affirmed on its merits, and so do not feel called upon to discuss the numerous questions raised as to the defense of *res judicata*.

The judgment of the Circuit Court is affirmed.