## Jennie P. Reed, administratrix, v. T. W. Joiner.

1. EVIDENCE—*when erroneous admission of, will not reverse.* Where there is sufficient competent evidence to support the finding of the court, the admission of improper evidence will not reverse.

Contest in court of probate. Appeal from the Circuit Court of

Franklin County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

W. H. WILLIAMS, for appellant.

W. H. HART, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In August, 1902, J. L. Reed died intestate and soon thereafter Jennie P. Reed, appellant, was appointed administratrix of his estate. About a year after her appointment appellant applied to the County Court for an order and citation to compel T. W. Joiner, the appellee, to report and account as surviving partner of appellant's intestate. An order was entered and a citation issued and served. In response to the citation appellee reported under oath and stated the partnership account, showing balance due the estate of $47.24, which was paid to the administratrix. Among other credits claimed by appellee was an item of $117.50 for his share of the profits in the purchase and sale of certain real estate. Upon exceptions filed by the administratrix and hearing by the court, this claim, with others of small sums, was disallowed, and the account restated showing balance due the estate from appellee of $183.13. From the judgment and finding of the County Court appellee appealed to the Circuit Court. In the Circuit Court the matter was referred to a special master to hear evidence upon the contested items and state the account between appellee and the estate. The special master reported the evidence heard and his findings, with recommendation that the sum of $117.50, relating to the land transaction, and other items rejected by the County Court and aggregating $212.13, be allowed as proper credits to appellee in his report. Appellant filed exceptions to the special master's report. Upon a hearing the court overruled the exceptions, approved the report, and rendered judgment accordingly. The administratrix appealed to this court.

The sole contention of appellant is that appellee, the sur-

viving partner, was not a competent witness to establish his account, and especially the principal item of $117.50 to which objection was made. The County Court ruled that appellee was not a competent witness and excluded his testimony. In the case of Estate of Philip Kraher v. Launtz, 90 App. 496, it was held by this court that in a hearing under citation to disclose assets belonging to the estate of a deceased person, the party charged may be heard to testify in his own behalf, and that such testimony may be considered and credited by the court. But it is not necessary to hold that the rule and construction of the statute announced in the Kraher case, is applicable under the facts, circumstances and contention in the case under consideration. Excluding the testimony of appellee, there is sufficient evidence in the record to sustain the finding and judgment of the Circuit Court. Regarding the real estate transaction, there seems to be no dispute as to the profits realized upon the purchase and sale of the land, or that appellee was efficiently instrumental in the purchase. That was a partnership transaction between appellee and Reed, and that the profits were to be divided, the evidence of Adams and Hindman tends to prove. Adams testifies that Joiner helped to make the trade and that Mr. Reed told witness that he (Reed) and Joiner were buying it together. Hindman testifies that "Mr. Joiner did the trading and Mr. Reed did the paying; Mr. Reed would say: 'We bought it, and we didn't buy it for anything but speculative purposes;' that they got it for nearly nothing; 'and that we can make some money on it.'" From this testimony, considered in connection with other testimony, the competency of which is not questioned, we are not prepared to say that substantial justice has not been done. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*