MICHAEL C. MCDONALD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

</div>

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

1. SHORT-CAUSE CALENDAR—*motion to strike a case from short-cause calendar must be made early.* A motion to strike a case from the short-cause calendar is a dilatory motion, and to be availed of must be made at the first opportunity.

2. SAME—*motion, and action thereon, must be shown by bill of exceptions.* A recital in the record made by the clerk, to the effect that a motion was made and overruled, is not sufficient on appeal, since the motion, and the action of the court thereon, must be preserved by the bill of exceptions.

3. SAME—*what is not ground for striking case from short-cause calendar.* The failure to formally dispose of certain pleas is not ground for striking a case from the short-cause calendar under the rule requiring causes to be at issue before being noticed on such calendar, where the failure does not in any degree affect the proof required of the plaintiff to make out his cause of action nor the evidence admissible for the defendants to defeat it.

4. EXECUTORS AND ADMINISTRATORS—*section 115 of Administration act construed.* Section 115 of the Administration act, providing for the imprisonment of an executor or administrator refusing to pay over money "within thirty days after demand," does not postpone the bringing of a civil action against his bondsmen until the expiration of that period.

5. SAME—*when suit may be brought on bond of administrator.* Under section 115 of the Administration act and section 13 of the act relating to official bonds, where the order of the probate court requires an administrator to pay over the amount found due within five days, if the administrator fails to make payment within such time an action may be brought forthwith on his bond.

6. SAME—*when bondsmen are liable for interest.* Interest for which an administrator is liable is a proper charge against his sureties, and if the order charging the administrator with interest is not appealed from nor set aside it is binding upon the sureties in an action on the bond, unless it is impeached for fraud.

7. SAME—*judgment finding amount due from administrator is binding in a suit on bond.* A judgment of the probate court approving the accounts of an administrator and ordering the amount in his hands distributed is a final determination of the amount due from him, and it cannot be reviewed in a suit upon the administrator's bond unless the finding of that court is impeached for fraud.

8. NEW TRIAL—*what not newly discovered evidence.* The fact that an administrator, a few days after the suit on his bond, testified, in defense of a criminal prosecution, that certain money that had been lost to the estate was loaned by him with the consent of the beneficiaries of the estate, is not ground for new trial as newly discovered evidence, where he was not interrogated as to that matter in the suit on the bond, although several of the pleas in that suit alleged "consent, advice and connivance" of the beneficiaries in the misappropriation of the funds.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

EDWARD MAHER, and ROBERT F. KOLB, for appellant.

W. B. WILSON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of debt commenced in the circuit court of Cook county, in the name of the People, for the use of Amanda C. Brown, Luna R. Rainey, Annie L. Stauffer, Billy Brown and James R. Glass, against John G. Brown as principal and Michael C. McDonald and George V. Hankins as sureties upon an administrator's bond given by John G. Brown, as administrator of James M. Brown, deceased. George V. Hankins was not served with process and John G. Brown was defaulted, and upon a trial a verdict for $50,000 debt and $20,627.53 damages was returned in favor of the plaintiff under the direction of the court, upon which

verdict, after overruling a motion for a new trial, the court rendered judgment in favor of the plaintiff, against Brown and McDonald, from which judgment McDonald perfected an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

Four reasons are urged as grounds of reversal in this court: First, the cause was improperly tried upon the short-cause calendar; second, the suit was prematurely brought; third, the interest and attorney's fees contained in the administrator's report offered in evidence were improperly included in the judgment; and fourth, the trial court erred in refusing to grant a new trial to the appellant on the ground of newly discovered evidence.

It is first contended that the court erred in refusing to strike the case from the short-cause calendar, on the ground that a copy of the original affidavit that the attorney for the plaintiff verily believed the trial of said suit would not occupy more than one hour, and which was the basis for placing said cause upon the short-cause calendar, was filed in the office of the clerk of the circuit court instead of the original affidavit. The question whether the original affidavit or a copy thereof was filed in the office of the clerk of the circuit court was a question of fact. It appears that an affidavit that he verily believed the trial of said cause would not occupy more than one hour's time, signed by Warren B. Wilson, one of the attorneys for the plaintiff, and which was sworn to by said Wilson on March 21, 1904, before James R. Glass, a notary public, whose jurat was attested by his notarial seal, was filed in the office of the clerk of said court on March 21, 1904. This affidavit was in due form, was signed and sworn to by the attorney for the plaintiff and was properly attested by the notary's signature and official seal, and the only evidence tending to impeach said affidavit as an original affidavit was a recital in a notice to the attorneys of appellant, signed by the attorney for the plaintiff,

which was attached to the affidavit filed, that on March 21, 1904, an affidavit, of which "the foregoing is a copy," was filed in said court with the clerk of said court. The affidavit which was filed, it is apparent, notwithstanding the recital in said notice, was the original affidavit and not a copy, and we think the trial court did not err in so holding.

It is also urged the trial court erred in declining to strike the case from the short-cause calendar, on the ground it was placed upon that calendar in violation of rule 23 of the circuit court, which provides: "No cause shall be noticed for trial on the short-cause calendar until the same is at issue." McDonald filed ten pleas. The first was *nil debet;* the second, *non est factum,* not sworn to. Four of the remaining eight were pleas of performance, two of *nul tiel* record, one of *non damnificatus,* and the last, that Brown did, with the advice, consent and connivance of the parties for whom suit was brought, convert the money coming into his hands as administrator to his own use. To the pleas concluding to the country, except the first and second, the plaintiff filed a *similiter* and traversed and took issue on the others. To the plea of *nil debet* a general demurrer was filed, and a motion was made to strike the plea of *non est factum* from the files. The demurrer to the first plea and the motion to strike the second plea from the files were not disposed of at the time the cause was noticed for trial on the short-cause calendar. The first plea was not a proper plea, (*Chipps* v. *Yancey,* Breese, 19; *Zepp* v. *Hager,* 70 Ill. 223; *Mix* v. *People,* 92 id. 549; *McNamara* v. *People,* 183 id. 164;) and was vulnerable to the demurrer, and no evidence could be admitted under the second plea. (*Mix* v. *People, supra.*) The first and second pleas, although not formally disposed of upon the record, did not, we think, prevent the case from being at issue, within the meaning of said rule 23, at the time it was noticed for trial upon the short-cause calendar, (*Ryan* v. *People,* 165 Ill. 143,) as the failure to dispose of said pleas did not affect, in any degree, the proof required of the plain-

tiff to make out its cause of action or the evidence admissible for the defendants to defeat the cause of action. In any event, the motion to strike the cause from the short-cause calendar came too late. The notice to place the case on the short-cause calendar was served March 21, 1904, the case was placed upon the short-cause calendar ten days later and the trial took place on May 16 following, and the motion to strike the case from the short-cause calendar was not made until the case was called for trial. A motion to strike a case from the short-cause calendar is a dilatory motion and should be made at the first opportunity. This was not done, but the case was permitted, without objections, to remain upon the short-cause calendar until it was reached for trial.

It is said, however, that the motion made on May 16 was but the renewal of a motion of like character which had been made on May 12 before a judge other than the judge who tried the case, and overruled, and that the first motion made to strike the case from the short-cause calendar was made in ample time. The record fails to show a motion to strike the case from the short-cause calendar was made and disposed of on May 12. The recital of that fact in the record made by the clerk is not sufficient. A motion, and the action of the court thereon, must be preserved by bill of exceptions. *Fonville* v. *Sausser,* 73 Ill. 451; *Gaynor* v. *Hibernia Savings Bank,* 166 id. 577.

We think the record fails to show that the case was not properly tried upon the short-cause calendar.

It is next contended that under section 115 of the Administration act a cause of action did not accrue to the plaintiff in this case upon the administrator's bond of John G. Brown until thirty days after a demand had been made upon said Brown to pay over to the distributees the amount found to be due them, respectively, by the order of the probate court of Cook county, and that for the want of a lapse of said thirty days between the date of the demand on Brown to the date of suit the action was prematurely brought. Said

section (Hurd's Stat. 1903, chap. 3, sec. 115, p. 124,) reads: "If any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the county court, lawfully made, within thirty days after demand made for such moneys or dividend, the court, upon application, may attach such delinquent executor or administrator, and may cause him to be imprisoned until he shall comply with the order aforesaid, or until such delinquent is discharged by due course of law; and moreover, such failure or refusal on the part of such executor or administrator shall be deemed and taken in law to amount to a *devastavit*, and an action upon such executor's or administrator's bond, and against his securities, may be forthwith instituted and maintained; and the failure aforesaid to pay such moneys or dividend, shall be a sufficient breach to authorize a recovery thereon."

That section is divisible into two parts. It provides first for the imprisonment of an executor or administrator in case he fails or refuses to pay over any moneys or dividend to any person entitled thereto, pursuant to the order of the county court, within thirty days after demand; also for a suit upon the bond of such executor or administrator to recover any moneys or dividend found by the court to be due from such executor or administrator to any person entitled thereto. In the first instance the executor or administrator cannot be attached and imprisoned for a failure to obey the order of the county court to pay any moneys or dividend in his hands until after thirty days have elapsed after a demand has been made upon him to comply with the order of the court. In the second case provided for by that section of the statute it is not necessary that a demand be made upon an executor or administrator to pay any moneys or dividend, in accordance with the order of the court, before a suit can be maintained against him and his bondsmen upon his administrator's bond, or that a period of thirty days elapse between a demand and the day of bringing suit upon

such bond.   The part of that section last referred to provides that in case an executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the county court, an action upon such executor's or administrator's bond, and against his sureties, may be forthwith instituted and maintained, and the failure aforesaid to pay such moneys or dividend shall be a sufficient breach to authorize a recovery thereof.   It is also provided by section 13 of chapter 103, entitled "Official Bonds," that "whenever the condition of the bond of any public officer shall be violated, suit may be instituted on such bond, and prosecuted to final judgment against such officer, and any or all of the sureties, or against one or more of them, jointly and severally, without first establishing the liability of the principal by obtaining judgment against him alone.   The provisions of this section shall extend to the official bonds of executors, administrators, guardians and conservators, and in suits thereon it shall not be necessary to a recovery that a *devastavit* should have previously been established against the principal."

We think it clear, under the foregoing provisions of section 115 of chapter 3 and section 13 of chapter 103 of the Revised Statutes, which must be construed together, this suit was not prematurely brought.   The probate court of Cook county, on an accounting in that court, found the amount due by John G. Brown, as administrator of James M. Brown, deceased, to the distributees for whose use this suit was brought, and ordered said amount paid to said distributees, respectively, by him, as such administrator, within five days.   Demand for payment was made upon him as such administrator, and he failed and refused for more than five days to comply with the order of the court by making said payments, whereupon suit was brought against him and his bondsmen upon his administrator's bond.   To hold that a demand must be made upon an executor or administrator, in every instance, that he pay over to the person entitled to

receive the same any moneys or dividend found to be due such person by the court in which the estate of which he is executor or administrator is pending, and that a suit cannot be maintained against him or his sureties upon his official bond until after a period of thirty days from such demand has elapsed, would be to abrogate the statute, and in some instances to entirely defeat a recovery upon an executor's or administrator's bond, as, for instance, where a defaulting executor or administrator had absconded or was dead, and by reason of either of those conditions a demand could not be made. We are of the opinion the suit was not prematurely brought.

The bond upon which suit was brought was dated and approved September 15, 1892, and John G. Brown on that date qualified and entered upon the discharge of his duties as administrator of the estate of James M. Brown, deceased. On October 2, 1903, he filed an account in the probate court of Cook county as such administrator, in which he asked credit for $32,513.04, which he stated he had loaned without the approval of the court to George V. Hankins, one of his bondsmen, and which amount, by reason of the insolvency of Hankins, he had been unable to collect and the same had been lost to the estate. The court refused to give him credit in his account for the amount of the Hankins loan, declined to approve the account, and directed him to file a further and corrected account. On October 13, 1903, Brown filed a new account, which was approved January 4, 1904. In that account the Hankins loan was eliminated, and the court charged Brown, as administrator, with interest at ten per cent on all funds which had remained in his hands as administrator subsequent to March 15, 1895, and found that there was then due and unpaid to Amanda C. Brown, the widow of James M. Brown, on her distributive share, $6631.91; to Annie L. Stauffer, $2966.33; to Luna R. Rainey, $1873.30; to Billy Brown, $8846.09; and that there remained unpaid an attorney's fee due the attorney of the estate of $310,

which amounts aggregate the sum of $20,627.63, the amount of the verdict. In the order approving the account the court found that on March 15, 1895, the administrator had in his possession $18,576.37 which belonged to the estate, and that he should be charged with interest on such funds remaining in his hands from that time (which was two years and six months from the date of his appointment) at the rate of ten per cent per annum, no good cause being shown to the court why such interest should not be taxed in accordance with the statute in such case provided. The statute referred to in the order of the court is: "All moneys, bonds, notes and credits which any administrator or executor may have in his possession or control as property or assets of the estate, at a period of two years and six months from the date of his letters testamentary or of administration, shall bear interest, and the executor or administrator shall be charged interest thereon from said period at the rate of ten per cent." Hurd's Stat. 1903, chap. 3, sec. 114, p. 124.

The order of the probate court approving said account, charging the administrator with interest at ten per cent upon the amount belonging to said estate remaining in his hands after March 15, 1895, and determining the amounts, respectively, which should be paid to said attorney and distributees, was never appealed from or in any way annulled or set aside, but remained in full force and effect at the time this case was tried, and the law seems to be well settled in this State that such order is binding upon the administrator and the sureties upon his bond in this suit unless it is impeached for fraud. (*Ralston* v. *Wood,* 15 Ill. 159; *Housh* v. *People,* 66 id. 178; *Frank* v. *People,* 147 id. 105.) There was no proof of fraud, and the most that is contended for here is, that the probate court erred in charging the administrator, in his account, with interest on the funds of the estate which remained in his hands subsequent to March 15, 1895. This court has frequently held that interest for which a public officer or one appointed by the probate court

is liable is a proper charge against his bondsmen. (*Stern v. People,* 102 Ill. 540; *Cassady* v. *Trustees of Schools,* 105 id. 560; *Hughes* v. *People,* 111 id. 457; *Winslow* v. *People,* 117 id. 152.) In the *Frank case, supra,* on page 111, in commenting on the construction of section 115 adopted in *Ralston* v. *Wood* and subsequent cases, it was said: " 'If we are to give any force to language, this statute certainly makes that order as conclusive against the security as against the administrator himself. That judgment or order is made evidence of a *devastavit,* if not complied with, and entitles the person in whose favor it is made, to recover upon the bond against both principal and security. The suit upon the bond is a collateral action, founded as well upon that judgment as upon the bond itself, and when the judgment is offered in evidence, like any other judgment of a court of competent jurisdiction, it cannot be inquired into by those affected by it, except for fraud.' And after noticing the argument based upon the supposed hardship of holding the security bound when he was not directly a party to the proceeding in which the judgment was obtained, and showing that there was no hardship or inconsistency in so holding, for the reason that the law gave that effect to his bond when he entered into it and he had voluntarily consented to be bound by the order and judgment of the court, and the further reason that while he was bound by the judgment against his principal, he was given, by the 138th section of the same statute, (Rev. Stat. 1845, p. 564,) which is section 124 of chapter 3 now in force, a right of appeal from that judgment, the court held that the security was concluded by the judgment, and that if the order against the administrator was not warranted by law the remedy of the security was by appeal, and that they could not question it collaterally when sued upon the bond. This case was followed and approved in *Housh* v. *People,* 66 Ill. 178."

It is also urged that the court erred in finding that there was due the attorney who represented the administrator in

the settlement of the estate the sum of $310, and ordering the administrator to pay him that amount within five days. The administrator was ordered to pay that amount out of the funds of the estate in his hands, and that order did not increase the burden of the administrator or his bondsmen, as, had that amount not been ordered paid to the attorney for the estate, the amount due the distributees would have been by that amount increased. The judgment of the probate court of Cook county approving the account of the administrator and ordering the amount in his hands to be distributed was a final determination of the amount due by the administrator to the attorney and distributees of the estate, and that judgment cannot be reviewed or set aside in a suit at law on the administrator's bond except the finding of that court be impeached for fraud, and the trial court did not err in peremptorily instructing the jury to return a verdict in favor of the plaintiff for the amounts found due by that order of the probate court from John G. Brown, administrator, to said attorney and distributees.

It is lastly contended that the court erred in declining to grant a new trial on the ground of newly discovered evidence. It appears from certain affidavits found in the record that a few days after the trial of this case in the circuit court John G. Brown was arrested upon a warrant issued by a justice of the peace in Cook county for a violation of the statute in failing to turn over and account for all funds in his hands as such administrator upon demand, and that upon his preliminary examination before the justice he testified he made said loan to Hankins with the consent of his brother and sisters, and his testimony given on that occasion is urged as grounds for a new trial, on the theory that it was discovered subsequent to the trial. The tenth plea filed by the appellant set up as a defense to the suit that Brown, after the making of the bond sued on, with the advice, consent and connivance of the parties for whose use this suit was brought, did fraudulently and unlawfully convert to his own use the

various sums of money in said declaration mentioned. John G. Brown was on the witness stand and testified for and on behalf of the plaintiff, and was cross-examined by the attorneys for the defendant. The Appellate Court, in disposing of the contention of the appellant that the trial court erred in declining to grant a new trial that he might on that trial avail himself of Brown's testimony, used the following language, which we think a conclusive answer to the contention of the appellant. That court said:

"A discovery, after the trial, that a witness knew a material fact and did not disclose it furnishes no excuse if he was not questioned. If the consequence of failure specifically to interrogate the witness be the concealment of material evidence it indicates such lack of diligence as will deprive the person so failing, of a claim for a new trial on the ground that such evidence was afterwards newly discovered. (*Toledo, Wabash and Western Railway Co.* v. *Seitz,* 53 Ill. 452; *Fanning* v. *McCraney,* 1 Morris, 398; *Houston* v. *Smith,* 2 S. & M. 597; 3 Graham & Waterman on New Trials, 1029-1095.) In this case the newly discovered evidence relied on, putting it most strongly for the appellant, is the statement of John G. Brown that the beneficiaries of the bond consented to the loan made by him to Hankins. The allegation of 'consent, advice and connivance' of these beneficiaries in the misappropriation of the funds was explicitly made by the appellant in pleas filed two months before the trial. This certainly showed at least that his attention had been directed to the possibility of such a defense. Knowledge as to the facts must have been in the possession of John G. Brown himself and all the beneficiaries. There is nothing to show that the latter were interrogated or interviewed concerning it. John G. Brown was a witness at the trial. He was cross-examined by appellant's counsel, and asked, without objection, if he was short all the money which should have been paid to the beneficiaries; if he turned it over to anybody that was entitled to it; to

whom he turned it over, and if the court told him to so turn it over; and he answered that he was so short, that he had let Hankins have the money, and that he did not know whether Hankins was entitled to it or not. But he was not asked whether this was with the consent of the distributees. This plainly was lack of diligence fatal to a right to a new trial, on the ground that five days afterwards Brown testified, to defend himself in a criminal prosecution, that such consent was given."

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*