Otto G. Urban, Executor of the Estate of Margaret Moran, Deceased, Appellee, v. James A. Hynes, Appellant.

Gen. No. 38,342.

Opinion filed April 22, 1936.

W. O. Burns, of Chicago, for appellant.

Arle Urban, for appellee.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

This proceeding was started in the probate court of Cook county and was taken to the circuit court on an appeal, which court affirmed the finding of the probate court and entered an order that the respondent James A. Hynes pay unto the petitioner, Otto G. Urban, executor of the estate of Margaret Moran, deceased, the sum of $2,390.96, and it is from that order that the defendant Hynes brings his appeal to this court.

Plaintiff's claim was attempted to be brought under the provisions contained in sections 81 and 82 of the Administration Act of this State, chapter 3, Ill. State Bar Stats. 1935, in an effort to compel the defendant Hynes to deliver up to the executor of the estate of Margaret Moran, funds in the Security Bank of Chicago which it is claimed belonged to the deceased during her lifetime, but which had been placed in a joint account in said bank by the deceased prior to her death with directions for its disposition.

Defendant denies that he has any funds belonging to the said estate and alleges there is money on deposit in the said Security Bank of Chicago amounting to approximately $1,000 in a joint account under the names of the said Margaret Moran and the said defendant.

In *Dinsmoor v. Bressler,* 164 Ill. 211, it was held that the proceedings provided by sections 81 and 82

of the Administration Act are not the proper remedy by which to try contested rights to personal property between the representative of the estate of a deceased person and others. That case was cited and followed and the same doctrine reiterated in the case of *Moore v. Brandenburg,* 248 Ill. 232.

In 1925, the legislature amended sections 81 and 82 of chapter 3, Ill. State Bar Stats. The amendment to paragraph 82, section 81 reads as follows:

"The court shall have power to hear, settle and adjudge all controverted questions of title and claims of adverse title and to determine the right of property. Such questions of title and of rights of property, and such claims of adverse title shall be determined, upon the demand of either party, by a trial by jury."

In the case of *Johnson v. Nelson,* 341 Ill. 119, in construing these two sections, our Supreme Court at page 122, said:

"These sections provided a summary method for the recovery of property of the character defined in section 81, which belonged to a decedent at the time of his death, but had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled. (*Dinsmoor v. Bressler,* 164 Ill. 211.) In a case where the decedent's ownership of the property in his lifetime was not disputed, the court might order the respondent, by the authority of sections 81 and 82, to deliver the property, or if he had converted it, the proceeds or value of the property, to the executor or administrator. *If, however, the respondent claimed to be the owner of the property sought to be recovered, these sections could not be invoked against him,* because he had the constitutional right to a jury trial for the determination of the question of the title to the property, and these sections made no provision for such a trial. *Nor were these sections designed to*

*afford the means of collecting a debt owing to the decedent at the time of his death. The title to the goods sold or the money lent, in such a case, had passed to the debtor or borrower, and sections 81 and 82 were not available to obtain satisfaction of the debt or claim. To accomplish that end, the personal representative was compelled to institute in a court of competent jurisdiction, a plenary action wherein the defendant had the right to a trial by jury. . . . The amendatory act made additions to both sections.* The additions to section 81 by interpolation are: (1) *The statement upon oath by which the proceeding is instituted may be made to the probate court as well as the county court;* (2) *the respondent's possession or control as distinguished from his possession merely, and his conversion as well as concealment or embezzlement of the property sought may be the subject of inquiry,* and (3) *the property for the recovery of which the proceeding may be brought and the knowledge or information desired may concern property belonging not only to 'any deceased person' but also 'to the executor or administrator or the estate of any deceased person'."*

It is quite evident from an inspection of this record that scarcely any of the requirements of the statute were complied with. Chapter 3, paragraph 82, section 81 of the Ill. State Bar Stats. 1935 provides:

"If any executor or administrator, or other person interested in any estate, shall state upon oath, to any county or probate court, that he believes that any person has in his possession or control, or has concealed, converted, or embezzled, any goods, chattels, moneys or effects, books of accounts, papers or any evidences of debt whatever, or titles to lands belonging to any deceased person, or the executor or administrator, or the estate of any deceased person, or that he believes that any person has any knowledge or information of or concerning any indebtedness or evidences of in-

debtedness, or property, titles or effects, belonging to any deceased person, or to the executor or administrator or the estate of any deceased person, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the executor or administrator, of which the executor or administrator is ignorant, and that such person refuses to give to the executor or administrator such knowledge or information, the court shall require such person to appear before it by citation and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require.''

In this case no verified petition or oath was presented in court. No citation was issued by the court. No examination of the defendant was had, as the statute provides, and when the defendant attempted to explain to the court the facts relative to the bank book showing money on deposit in the bank, concerning which the executor had given evidence, the court on objection of the attorney for the executor refused to allow the defendant to testify.

The money which is the basis of this controversy was in a bank and not in the possession of the defendant and created the relationship of a bank depositor and a bank, which is that of debtor and creditor, and the Supreme Court held in the case of *Hansen v. Swartz*, 345 Ill. 609, at page 613:

''This remedy is not, however, applicable to the collection of a debt.''

The money being in the bank, even if the executor's contention was correct, simply created a debt owing by the bank to the estate and the money, therefore, was not in the possession of the defendant. The bank was not a party to this proceeding. Proceedings under this act could not, therefore, be used for the collection of a debt.

In the case of *Estate of Philip Kraher v. Launtz,* 90 Ill. App. 496, it was held by this court that in a hearing under citation to disclose assets belonging to the estate of a deceased person, the party charged may be heard to testify in his own behalf. *Reed v. Joiner,* 119 Ill. App. 248.

The defendant's so-called answer denies all the charges made against him and is signed by him through his attorney. After the entry of the order by the circuit court to pay the money, a rule to show cause was entered by that court to show cause why he should not be punished for contempt of court for nonpayment of the amount on deposit in the bank. The record shows that previous to that time the executor had notified the bank not to pay the money on order of defendant.

This being a statutory proceeding, procedure must be in compliance with the statute. The action here being one for the collection of a debt, the court has no jurisdiction of the subject matter as such actions are not cognizable under sections 81 and 82 of chapter 3, Ill. State Bar Stats. 1935; *Johnson v. Nelson,* 341 Ill. 119. This being true, the court was without jurisdiction to proceed with the matter and it should have dismissed the petition for that reason.

For the reasons here given the order of the circuit court is hereby reversed.

*Order reversed.*

HALL, P. J., and HEBEL, J., concur.