POMEROY EASTON, HARRY WILTON, JOHN S. CARRIGAN, plaintiffs in error *v.* JAMES ALTUM, defendant in error.

*Error to Clinton.*

Irregularity of process, whether the process be void or voidable, is cured by appearance without objection.
The want of a seal to a summons, cannot be taken advantage of after an appearance.

A. COWLES, for the plaintiffs in error, cited R. L. 158;(2) 2 Johns. Dig. 148, title *New trial,* § 78; 18 Johns. 212; 2 Johns. Dig. 252, title *Practice*; 19 Johns. 170; 1 Johns. Dig. title *Amendment* 41; Breese 3, and notes.

H. EDDY, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt* brought in the Clinton Circuit Court by the defendant in error, against the plaintiffs in error, on a sealed promissory note.

The summons was returnable at the April term, 1834, of the said Court; at which term it was returned served on the defendants below, and they appeared by their attorney, and filed a demurrer to the declaration. The plaintiff below confessed the demurrer and obtained leave of the Court to amend his declaration, and the cause was continued until the September term, 1834.

At the September term, the defendants below were duly called, but made default, and judgment was rendered for the plaintiff below, for his debt and damages. The error relied on to reverse this judgment, is, that there was no seal to the summons. Can such an irregularity be assigned for error after appearance in the Circuit Court without objection?

The authorities are numerous and explicit, that irregularity of

(1) R. L. 415; Gale's Stat. 425.          (2) Gale's Stat. 176.

process, whether the process be void or voidable, is cured by appearance without objection.—In 1 Paine and Duer's Practice, 366, it is laid down that "It is the universal practice of the courts, that the application to set aside proceedings for irregularity, should be made as early as possible, or, as it is commonly said, in the first instance. And where there has been an irregularity, if the party overlook it and take subsequent steps in the cause, he cannot revert back and object to it." In support of this doctrine, Paine and Duer cite a number of authorities both English and American. The same book says, "It has frequently been decided, that a defendant cannot take advantage of any error or defect in the process, after he has appeared to it, even though the process be void, and the defendant at the time was ignorant of the defect."

In the Supreme Court of New York, in the case of Pixley *v.* Winchell,(1) the doctrine is recognised, that void process is rendered good by appearance, although the party and his attorney were ignorant of the defect in the process. The case was this: The *capias ad respondendum* was returnable out of term. The defendant put in special bail, neither he nor his attorney knowing any thing of the irregularity. Afterwards, at the next term, defendant discovered the irregularity, and moved to set aside the capias. The motion was overruled. The Court say "That without deciding whether the writ is absolutely void, we are clear that it cannot be set aside at this stage of the cause. The defendant has taken a step by which he is regularly in Court, whether there be any process or not. We will not interfere merely because the party acted in ignorance that the process was void." And the same Court, in the case of Jenkins *ex dem* Culver *v.* Brown,(2) permitted the plaintiff to amend a venire, by adding a seal, saying, that the omission of a seal was erroneous, and not void, and may be amended. The Supreme Court of the United States, in the case of Knox and Crawford *v.* Summers and Thomas(3) decided that an appearance by attorney cured all irregularity in the process.

From the authorities above mentioned, it evidently results, that the object of process is merely to bring the defendant into Court, and when he is once there without objection, he waives all irregularities as to the mode the plaintiff has resorted to, to compel appearance. It is undoubtedly true that a defendant may stand on all his legal rights, and require all the forms of law to be pursued before he can be required to answer the plaintiff, or he may dispense with process altogether, or waive irregular process and come into Court, and at once proceed to the merits of the cause. The defendants below by appearing and demurring to the plaintiff's declaration, waived all objection to the irregularity

(1) 7 Cowen 366.     (2) 4 Cowen 550.     (3) Peters' Cond. R. 670.

of the process, and consequently the judgment must be affirmed with costs.

*Judgment affirmed.*

*Note.* See Hannum *v.* Thompson, *Ante* 238.