## WILLIAM B. FONVILLE *et al.*

### *v.*

## JAMES MONROE *et al.*

1. PRACTICE AND PLEADING — *variance between writ and declaration.* A variance between the writ and declaration is a matter pleadable in abatement, and where no attempt is made in the court below to avail of it, it cannot be assigned for error in this court.

2. It is not error to render a judgment in favor of a plaintiff named in the summons, although he is not named in the declaration, if no question is raised in the court below on the variance.

3. APPEARANCE — *what constitutes.* Where a defendant, not served with process, files a demurrer to a special count and the general issue to the common counts, and the demurrer is overruled and the plea stricken from the files, and defendant, afterward, on his own motion, obtains an extension of time to file a plea with an affidavit of merits, there is a full appearance, and a judgment against such defendant is not erroneous.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. S. R. MOORE, for the appellants.

Mr. G. S. ELDRIDGE, and Mr. HAMILTON K. WHEELER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The point is urged that the name of Charles D. Reed appears in the summons, as one of the plaintiffs, but not in the declaration, and because of the omission it is insisted it was

error to enter judgment in his favor, with the other plaintiffs. Objections of this character cannot be taken for the first time in this court. Variances between the writ and declaration are matters pleadable in abatement. No attempt was made to avail of the error in the court below. This not having been done, the alleged variances, if any exist, cannot now be assigned for error. Reed was a plaintiff in the suit, and the judgment in his favor, with the other plaintiffs, was proper. *Prince* v. *Lamb*, 1 Breese, 378.

Appellant Dunham was not served with process, and it is insisted, inasmuch as his plea was stricken from the files, there was no appearance, and, therefore, no judgment could be rendered against him.

Both defendants had filed the general issue to the common counts and a demurrer to the special count of the declaration. The demurrer was overruled, and the plea stricken from the files. Afterward, as appears from the record, the defendants, on their own motion, obtained an extension of time in which to file a plea with an affidavit of merits. This was a full appearance, and the judgment against both defendants was proper.

The other questions raised are answered by the opinion in *Fonville* v. *Sausser et al.*, 73 Ill. 451.

The judgment will be affirmed.

*Judgment affirmed.*