The Wabash Railroad Company v. Michael F. Barrett.
Gen. No. 11,857.

1. VARIANCE BETWEEN SUMMONS AND DECLARATION—*when, deemed waived*. All objection to a variance between the summons and declaration is waived by the appearance of the real defendants and by the filing of a demurrer by them.

2. NEW CAUSE OF ACTION—*when, not set up*. Where the præcipe and the summons state truly the real defendants to the action, but the original declaration names others than such real defendants, an amended declaration which sets forth truly the names of the defendants, does not set up a new cause of action.

3. DILATORY MATTER—*when, deemed waived*. Where a matter of a dilatory character which does not go to the merits of the action is not raised by motion to dismiss or by plea in abatement, it is deemed to have been waived.

4. PEREMPTORY INSTRUCTION—*when, properly denied*. Where there is evidence tending to sustain the issues in behalf of the plaintiff, the cause must be submitted to the jury for determination.

5. NEGLIGENCE—*when railroad company guilty of*. Where a railroad train approaches in the day time a street railway crossing, in the

midst of a dense fog, at a rapid rate of speed, without giving due warn·
ing of its approach, the railroad company is guilty of negligence.

6.  SPEED OF TRAIN—*how question of, as constituting negligence, to
be determined.* It is for the jury to determine from the evidence
whether the rate of speed of a railroad train, at the time and place of
an accident, was, under the particular circumstances of the case, negli-
gence, entitling the plaintiff to recover.

Action on the case for personal injuries.  Appeal from the Superior
Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1903.  Af-
firmed.  Opinion filed November 29, 1904.

C. N. TRAVOUS, for appellant; SHOPE, MATHIS, ZANE
& WEBER, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
This is an action on the case to recover for personal in-
juries. · The suit was begun by the filing of a præcipe Sep-
tember 11, 1901, and a summons was thereupon issued
which ran against and was served upon The Wabash Rail-
road Company, appellant herein, and the Chicago & West-
ern Indiana Railroad Company.  The declaration was filed
November 22 following.  It was headed with the proper
venue and was entitled " Michael F. Barrett v. Wabash
Railroad Company and Western Indiana Railroad Com-
pany."  It states that appellee by his attorney " complains
of Chicago, Milwaukee & St. Paul Railway Company, de-
fendant, of a plea of trespass on the case;"  For that,
whereas " the defendants " owned, possessed and operated
a certain railroad, etc.; and charges in substance that " the
defendants " through certain of their servants then and
there in charge and control of a passenger train, recklessly,
negligently and carelessly managed and operated the en-
gine and train, and negligently and insufficiently guarded
a railway crossing so that the train collided with the street
car upon which plaintiff was riding, ·inflicting the injuries
complained of.  There is a second count substantially like
the first, charging " the defendants " with the negligence
by reason of which recovery is sought.  A general demur-

rer to the declaration was filed by the appellant and by the Chicago & Western Indiana Railroad Company December 3, 1901. The accident in which it is alleged appellee received the injuries complained of occurred, according to the declaration, on the 31st of October, 1899. Apparently, although the general demurrer was filed December 3, 1901, appellee's attorney did not discover the mistake by which the name of the Chicago, Milwaukee & St. Paul Railway Company had been inserted in the body of the declaration as defendant until October 11, 1902, more than two years after the cause of action is said to have accrued. At that time appellee confessed the demurrer and the declaration was amended by striking out the name Chicago, Milwaukee & St. Paul Railway Company as defendant, and inserting in lieu thereof the names of the two companies mentioned in the original summons and in the title of the declaration as originally filed. To the declaration as amended defendants pleaded the general issue and *inter alia* the Statute of Limitations. The plaintiff demurred to the plea of the statute and the demurrer was sustained.

Appellant first contends that the court erred in sustaining that demurrer. It is claimed that the declaration as originally filed did not state a cause of action against any one but the Chicago, Milwaukee & St. Paul Railway Company, and that when the declaration was amended by inserting in its body the name of appellant more than two years after the cause of action accrued, the Statute of Limitations had run against the action and the plea was good. We are unable to concur in this contention. Appellant and the Chicago & Western Indiana Railroad Company were the only parties defendant who had been brought into court by service of summons in regular form, and while it is true that the declaration did state on its face that the plaintiff complained of another railroad company not served with process and confessedly not connected in any way with the injuries complained of, it nevertheless averred that on the day of the alleged injury " the defendants " owned and operated the railroad and were guilty of the negligence

charged in the declaration. They acknowledged themselves to be defendants to the action by the general demurrer which they filed. In and by that demurrer they stated that "the defendants The Wabash Railway Company and the Chicago & Western Indiana Railroad Company" by their attorneys come and defend the wrong and injury, etc. It cannot therefore be claimed that they were misled by the clerical error which inserted the name of another railroad company in the body of the declaration, and all objection to the variance between the summons and declaration was waived by the appearance of the real defendants and their demurrer. Waterhouse v. Freeman, 13 Wis. 378–380. It is true that by confessing the demurrer the plaintiff may be said in some sense to have admitted that the declaration incorrectly stated, not the cause of action necessarily, but the parties defendant. Actually, however, by the amendment the plaintiff merely recognized the clerical error by which the name of a party in no way connected with the litigation had been inserted. Evidence which would sustain the original declaration would sustain the amended declaration so far as appellant was concerned. The amendments did not state any new cause of action. They simply serve to make it clear that the defendants named in the original summons were the only parties referred to in the original declaration as "the defendants" against whom the charge of negligence was made. The amendments set up no new matter or claim against appellant. Nor was any question of variance between the præcipe, summons and the declaration raised by the demurrer. Such objection could only be raised by motion to dismiss or plea in abatement, and not having been so raised must be deemed to have been waived. See 22 Ency. of Pl. & Pr. 523; Penn Co. v. Sloan, 125 Ill. 72–77; Fonville v. Monroe, 74 Ill. 126. In the case last cited it is said that "variances between the writ and the declaration are matters pleadable in abatement." We cannot concur in the contention of appellant that the error in the original declaration was more than a variance cured by the amendment, or

that it involved a failure to state a cause of action against "the defendants," including appellant. The names of the defendants having appeared in the summons, there was no error in amending the declaration in accordance therewith, (Schoonhoven v. Gott, 20 Ill. 46–48,) and the demurrer to the plea of the Statute of Limitations was properly sustained.

It is next contended that the court erred in refusing appellant's motion to direct a verdict of not guilty. It is urged that appellee's injuries were the proximate result of want of ordinary care on his part and that of his co-employees. The motion to direct a verdict for the defendant was presented at the close of all the evidence. The question to be determined, therefore, is whether such evidence, both for plaintiff and defendant, with all the inferences which the jury might justifiably draw therefrom, is or is not sufficient to support a verdict for the plaintiff, if one be returned. With evidence tending to sustain the issues in behalf of the plaintiff the question as to the weight to be given thereto must be submitted to the jury. Boyle v. I. C. R. R. Co., 88 Ill. App. 255–257, and cases there cited. The accident in controversy occurred at a point where the tracks of the Chicago City Railway Company cross the lines of appellant's railway at or near the intersection of Halsted street with Seventy-fifth street in the city of Chicago. Appellee was a conductor in the employ of the Chicago City Railway Company and was in charge of the second or trailer car of a train of two street cars running southward along Halsted street toward and across appellant's tracks. The accident occurred at about 6:43 o'clock on the morning of the 31st of October, 1899. The evidence tends to show that the morning was extremely foggy. When the street railway train reached the neighborhood of the railroad crossing it stopped to permit a freight train to pass which was going eastward along the line of the Belt Railway, the tracks of which were parallel to and about thirty-three feet north of the tracks of the appellant company. The conductor of the motor-car then walked in

advance of his train across the Belt Railway tracks and when in the space between the Belt and Wabash tracks signalled to the motorman to go ahead. The street car train proceeded accordingly until the rear end of the motor-car and the forward end of the trailer were directly upon appellant's west-bound track when they were struck by one of appellant's west-bound passenger trains. The trailer car on which appellee was conductor was thrown around to the northwest against a trolley pole and badly broken up, and appellee, who was near the forward door of his car at the moment of the collision, received the injuries complained of. There is conflict in the evidence as to the density of the fog, as to the distance at which appellant's engine could have been seen, as to whether or not due warning was given of the approach of appellant's train and whether the bell upon appellant's engine was rung at the time. Clearly, therefore, it would have been improper, in view of the conflict of evidence upon the question as to whether appellee's injuries were caused by the negligence of appellant's servants, for the court to have taken the case from the jury. There is more than a "scintilla" of evidence tending to sustain the issues in behalf of appellee.

Appellant contends that appellee's injuries were the proximate result of a want of ordinary care on his part and that of his co-employees. It is urged and there is evidence tending to show that the conductor of the forward car was warned of the train's approach and told to stay back. That conductor himself who went before and signalled the motorman on the street car to go ahead after the train upon the Belt Railway had passed, was not accessible, it is claimed, at the time of the trial, and at any rate was not called as a witness. Appellee was inside his own car and testifies that he did not notice the approach of appellant's train until alarm whistles were sounded almost at the moment of collision. Appellant urges that appellee knew all the circumstances and knew that he and his fellow employees were violating the rules of the street railway company in whose employ they were—appellee, because he was

inside the door of the trailer instead of being outside on the platform of his car, and the other conductor and motorman because they did not stop after passing over the Belt Line Railway tracks before continuing across the tracks of the appellant company. While it is true the burden of proof was upon appellee to show that he was himself exercising ordinary care and diligence at the time the accident happened, there was, we think, evidence entirely sufficient to warrant the jury in finding in his favor on that question. If there was negligence on the part of the conductor and motorman upon the car in front of that upon which appellee was employed, contributing toward the injury complained of, that would not absolve appellant from responsibility if the injury was caused by its own negligence. St. Louis Nat'l Stock Yards v. Godfrey, 198 Ill. 288–293. That conductor and motorman were not appellant's employees. Their negligence, if any, cannot be imputed to appellee. West Chicago St. Ry. Co. v. Dedloff, 92 Ill. App. 547–550; C. & E. I. R. R. Co. v. Hines, 183 Ill. 482–485; W. C. St. R. R. Co. v. Piper, 165 Ill. 325–326; C. C. Ry. Co. v. Wall, 93 Ill. App. 411–413. Appellee testifies that he knew nothing himself about the movements of the conductor on the forward car, that he did not see the train before the collision, did not hear any bell ring and that the first he heard of the approaching train was two sharp whistles. The rules of the street railway company introduced in evidence provide that when two or more cars are attached to one grip and the conductor of the forward car has gone ahead to examine the railroad crossing, the conductor of the second car will go to his front platform and see that no passengers are getting on or off either car before the signal is given to the gripman to advance. But the signal to advance had been given and the street car train was proceeding on its way with the conductor of the forward car in advance at the time of the discovery of the approaching train which struck the street cars, inflicting the injury complained of.

It is contended in the next place that the verdict is man-

ifestly against the weight of the evidence. The negligence charged against the appellant company is, in substance, that appellant's employees negligently operated the train, negligently guarded the crossing, and that no bell was rung or whistle sounded by the engineer or fireman of the approaching train, as required by the statute, at least eighty rods from the crossing and continuously thereafter until the crossing was reached. There is evidence tending to show on the part of appellee that no bell was heard and no whistle sounded until at the moment of collision, and there is evidence to the contrary in behalf of appellant. The conflict is irreconcilable. The conductor of the motor-car was walking ahead and there is evidence tending to show that when he reached the tracks of the Wabash Company he stopped and looked up and down, having given the signal for the train to follow on. The evidence is so conflicting as to whether appellant's train was giving proper signals that we must regard the determination of the jury upon the question of fact as conclusive. If it be true, as there is evidence tending to show on the part of appellee, that appellant's train was approaching the street railway crossing in the midst of a dense fog on the morning in question at a rapid speed without giving due warning of its approach, the jury were certainly warranted in finding appellant guilty of negligence, causing the accident.

There is evidence tending to show that appellant's train was running at a high rate of speed. As to this also the evidence is conflicting. It was for the jury to determine from the evidence whether the rate of speed at that time and place was such as under the circumstances constituted negligence in the operation of appellant's train. It was undoubtedly the duty of the latter to regulate the speed of its train approaching such a crossing on a foggy morning with due regard to the public safety, exercising such reasonable care as the circumstances at the time might demand. Overtoom v. C. & E. I. R. R. Co., 181 Ill. 323–326.

Complaint is made of certain instructions given for appellee, and of the refusal of others requested in behalf of

appellant. We have carefully considered these objections, but deem it unnecessary to discuss them at length. No useful purpose would be served by so doing. We find in the court's action in this respect no ground for substantial criticism.

The judgment of the Superior Court must be affirmed.

*Affirmed.*