## Musical Leader Publishing Company, Defendant in Error, v. Carolina White, Plaintiff in Error.

### Gen. No. 18,285.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 31, 1913. Rehearing denied January 20, 1914.

### Statement of the Case.

Action by Musical Leader Publishing Company, a corporation, against Carolina White in attachment to recover a balance due upon a contract by which defendant agreed to pay for certain advertisements in the Musical Leader, a paper owned by the plaintiff. The attachment was in aid of the original suit, the affidavit setting forth the indebtedness and the nonresidence of defendant as grounds therefor. Defendant filed an affidavit of defense stating plaintiff had failed to publish the advertisement as agreed and that she was entitled to a set-off, but did not traverse the affidavit or in anyway deny that she was a nonresident. From a judgment in favor of plaintiff upon both the attachment issue and on the merits, defendant brings error.

CAIROLI GIGLIOTTI, for plaintiff in error.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. ATTACHMENT, § 242*—*when plaintiff entitled to a judgment by default on the attachment issue.* In attachment based on an affidavit of nonresidence of defendant, where defendant does not traverse the affidavit or in any way deny that she was a nonresident, there is no issue made upon the question of nonresidence of defendant, and as to the attachment the plaintiff is entitled to a judgment by default.

2. ATTACHMENT, § 246*—*when judgment for plaintiff on the attachment issue and on the merits sustained by sufficient evidence.* In attachment to recover on a contract for advertising, where the attachment was based on the nonresidence of defendant, and defendant filed an affidavit of defense claiming plaintiff failed to publish the advertisements as agreed, and that she was entitled to a set-off, *held* that a judgment in favor of plaintiff on the attachment issue and on the merits was sustained by sufficient evidence, the defendant having introduced no evidence, and plaintiff's evidence tended to show defendant was a resident of Italy before the contract was signed and a resident of Massachusetts after the attachment issued and there was evidence showing that plaintiff complied with the contract, that defendant had made a partial payment after the contract was concluded and that defendant's husband had written a letter, which defendant had adopted, asking for a postponement of payment.

3. SET-OFF AND RECOUPMENT, § 43*—*when defendant not entitled to instruction for set-off.* Where there is no evidence tending to prove a claim of set-off, defendant is entitled to no instruction regarding the same.