## The Baldwin Company, Defendant in Error, v. James Morrison Darnell, Plaintiff in Error.

### Gen. No. 6,591.

1. APPEAL AND ERROR, § 438*—*when question of variance must be raised.* Objection to variances between the affidavit in attachment and the declaration must be raised in the trial court.

2. ATTACHMENT, § 72*—*what does not deprive court of jurisdiction.* The subsequent filing of a declaration in which the form of action is changed does not deprive the court of jurisdiction obtained under an affidavit in attachment.

3. APPEAL AND ERROR, § 438*—*when objection to declaration cannot be raised.* The objection that the declaration in attachment proceedings shows on its face that the matter could not be adjudicated at law cannot be raised on appeal for the first time.

4. JUDGMENT, § 102*—*what does not prevent default for lack of plea.* A plea to a subsequent declaration will not prevent default in attachment which is not pleaded to.

5. JUDGMENT, § 99*—*when rendition in absence of party not error.* The fact that the defendant is not present on trial held in the regular course of the court's business will not invalidate a default judgment.

6. APPEAL AND ERROR, § 800*—*how motion for new trial made part of common-law record.* A motion for a new trial must be incorporated in the bill of exceptions to become a part of the common-law record; a motion for a new trial set out in the transcript is not properly a part of the record.

Error to the Circuit Court of Peoria county; the Hon. CLYDE E.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stone, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919.

Richard J. Cooney and John A. Verhoeven, for plaintiff in error.

Burton & Hamilton, for defendant in error.

Mr. Justice Niehaus delivered the opinion of the court.

A writ of error is prosecuted in this case, from a judgment for $483.33 recovered in the Circuit Court of Peoria county by the Baldwin Company, defendant in error, against the plaintiff in error, James Morrison Darnell. The suit was commenced by attachment on March 10, 1915, the principal ground of attachment being that the plaintiff in error was a nonresident of the State. The affidavit for attachment alleges that an indebtedness is due from the plaintiff in error to the defendant in error; and that such indebtedness was incurred by the plaintiff in error in the purchase of an Ellington Player Piano and that it amounts to the sum of $483.33. An attachment writ was issued and made returnable to the May term following, and was levied on certain real estate described in the return of the sheriff; the writ was also returned "not found" as to the plaintiff in error. Service was thereupon had by the publication of a notice, and the mailing of a copy thereof by the clerk of the court, addressed to the last known residence of the plaintiff in error, as required by the statute. At the May term following, the defendant in error filed its declaration consisting of two counts, in both of which it was alleged, in substance, that the defendant in error had sold to the plaintiff in error an Ellington Piano Player for the sum of $475, for which he gave a judgment note, which was afterwards put into judgment in the County Court of Knox county, and amounted, with costs and inter-

est, to the sum of $503.18; and that after the entry of the judgment, and a payment of $100 thereon, plaintiff in error had obtained from the defendant in error a release of the balance of said indebtedness and judgment by means of fraud and deceit. The plaintiff in error entered his appearance in the case, and by his attorneys filed a plea of the general issue to the declaration, but did not plead nor make any defense to the attachment; thereafter, at the November term following, the case was regularly reached and called for trial, and a jury trial was had. The jury, having heard the evidence, found the issues raised by plaintiff in error's plea in favor of the defendant in error, and found the damages to be $483.33, the exact amount stated to be due to the defendant in error in the affidavit and writ of attachment. The jury also found in favor of the defendant in error on the attachment; and a judgment was thereupon entered against the plaintiff in error for the sum found in the verdict, and a special execution ordered to be issued under the attachment.

It is contended by the plaintiff in error that the judgment should be reversed because it appears on the face of the record that there is a variance between the affidavit and writ of attachment, which are in assumpsit, and the declaration, which is in the form of trespass on the case; and that the court was without jurisdiction to proceed to trial and judgment under these circumstances. The record does show a variance, but it also shows that the plaintiff in error made no objection to it. Objections to variances between writs of attachment and the declaration can be and should be raised in the trial court. *Fonville v. Monroe*, 74 Ill. 126; *Plato v. Turrill*, 18 Ill. 275. The affidavit filed and the writ which was issued conformed to the requirements of the statute. The affidavit sets forth the nature and amount of an indebtedness which the defendant in error claimed the right to recover from the plaintiff in error, and for which he brought the suit.

This was sufficient to give the court jurisdiction of the subject-matter of the suit. Hurd's Rev. St. ch. 11, sec. 1 (J. & A. ¶ 492); *May v. Disconto Gesellschaft,* 211 Ill. 310; *American Lumber Co. v. Leach,* 207 Ill. App. 62.

The fact that the defendant in error afterwards filed a declaration in which the form of the action was charged did not deprive the court of jurisdiction. The plaintiff in error entered his appearance in the case, and by filing his plea to the declaration, and thereby raising an issue concerning the merits of the controversy, gave the court complete jurisdiction, not only of the subject-matter but of the person as well. The trial court had complete jurisdiction to adjudicate the question of variance, if the plaintiff in error had seen fit to raise it there; not having made any objections there, he waived his right to make any objection. *Wabash R. Co. v. Barrett,* 117 Ill. App. 315. The rule concerning the legal effect of irregularities between the writ and the declaration is long established and well settled in this State. *Easton v. Altum,* 2 Ill. (1 Scam.) 250; *Beecher v. James,* 3 Ill. (2 Scam.) 462; *Fonville v. Monroe,* 74 Ill. 126; *Plato v. Turrill,* 18 Ill. 275; *Rockford, R. I. & St. L. R. Co. v. Beckemeier,* 72 Ill. 267; *Grubb v. Milan,* 249 Ill. 456.

The pointed language of the court in the case last cited seems peculiarly applicable to the present case: "It is quite uncertain upon what ground the recovery was had, but the case was tried upon different and inconsistent theories, sometimes as an action in assumpsit on the contract, and at others as an action on the case for fraud and deceit. No objection was made by the defendant to the form of the action, and he cannot now complain."

Plaintiff in error also contends that it appears on the face of the declaration that defendant in error's remedy was by suit in equity to set aside the release which he claims was obtained fraudulently, and that it is therefore evident that the subject-matter of the

suit could not properly be adjudicated in a proceeding at law. This also presents a question which the plaintiff in error should have raised in the trial court, and, not having raised it there, he cannot legally raise it here for the first time. *Fish v. Lapsley,* 128 Ill. App. 611; *Hicks v. Deemer,* 87 Ill. App. 384; *Zukas v. Appleton Mfg. Co.,* 200 Ill. App. 403.

Plaintiff in error also insists that the court erred in entering a judgment of default against him and complains because, he says, the court proceeded with the trial of the case as if the plaintiff in error were in default, when as a matter of fact he had a plea on file. The record does not show that any default was entered against the plaintiff in error except on the attachment; and the case proceeded to trial in the regular and orderly course of the business of the court to determine the issue raised by the plea which the plaintiff in error had filed to the declaration. There was no error in this, and the fact that the plaintiff in error was not present at the trial does not in any way invalidate it. The default which was entered in the attachment was proper, inasmuch as the plaintiff in error did not file any plea nor traverse any of the allegations of fact in the affidavit of attachment. *Musical Leader Pub. Co. v. White,* 184 Ill. App. 453.

Error is also assigned in connection with a purported motion for a new trial; but the motion for new trial set out in the transcript over the certificate of the clerk of the court is not properly a part of the record. To become a part of the common-law record a motion for new trial must be incorporated in a bill of exceptions. *Daniels v. Shields,* 38 Ill. 197; *East St. Louis Elec. St. R. Co. v. Cauley,* 148 Ill. 490; *Fireman's Ins. Co. v. Peck,* 126 Ill. 493; *Graham v. People,* 115 Ill. 566; *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69; *Call v. People,* 201 Ill. 499; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61.

The errors assigned in connection with the purported motion for new trial are therefore not properly

before us for consideration and review.

None of the errors assigned and argued by the plaintiff in error furnishes a legal basis for a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*